UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON ESKIJIAN<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:26-cv-00291-FJS<br><br>FINDINGS AND RECOMMEDNATION THAT THE CASE BE DISMISSED WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE; ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF No. 7)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

I.    <u>BACKGROUND</u>

On January 14, 2026, Plaintiff Leon Eskijian ("Plaintiff") commenced this action against the United States of America ("Government"). (ECF No. 1.) An initial scheduling conference is currently set for May 13, 2026. (ECF No. 6.) On April 10, 2026, the court ordered Plaintiff to file a status report regarding readiness for the scheduling conference. (ECF No. 5.) On April 21, 2026, the court ordered the Plaintiff to show cause why the case should not be dismissed without prejudice. (ECF No. 7.) To date Defendant has neither appeared nor responded to the complaint, nor has Plaintiff responded to this court's order to show cause.

## II.    DISCUSSION

Local Rule 110 provides that '[f]ailure … of a party to comply with these Rules or with any order of the court may be grounds for imposition by the court of any and all sanctions … within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, … dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors guide a court in deciding what to do and are not conditions that must be met before a court acts. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,460 F.3d at 1226 (citation omitted).

Here, the court warned Plaintiff that "failure to show case as to why this action should not be dismissed without prejudice for Plaintiff's failure to timely effect service pursuant to Rule 4(m) and Plaintiff's failure to obey a court order … may be grounds for the impositions of sanctions, including dismissal." (ECF No. 7.) Yet, Plaintiff failed to comply with the court's order to show cause as to why this case should not be dismissed without prejudice. *See Beck v. Quick Collect, Inc.,* 229 Fed.App'x. 478 (9th Cir. 2007) (holding district court does not abuse its discretion in dismissing an action after plaintiff fails to comply with court's order to file a joint status report.) This action cannot proceed further without Plaintiff's compliance with the court's orders and cooperation indicating the status of service upon the Defendant. (*See* ECF Nos. 6; 7.) Therefore, the court recommends dismissal of this action without prejudice.

III.    CONCLUSION AND ORDER

Accordingly, the Clerk of Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

(1) The court dismiss this action without prejudice for Plaintiff's failure to comply with a court order, failure to comply with the Local Rules, and failure to prosecute; and

(2) Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). WITHIN FOURTEEN (14) DAYS after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2026**                                                                 

UNITED STATES MAGISTRATE JUDGE